

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-34,095-24

### EX PARTE ANTONIO SEPEDA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR0038-83-2 IN THE 405TH DISTRICT COURT
### GALVESTON COUNTY

**JOHNSON, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

In this application for writ of habeas corpus, applicant asserts a due-process violation for a parole-denial letter that was not in compliance with Texas Government Code § 508.1411. We filed and set the writ application for submission and ordered briefing on three issues.

> Whether an applicant who contends that under the Texas Government Code § 508.1411 the Board's written notice violated the Due Process Clause of the United States Constitution has an adequate remedy on habeas when there is not a presumption of release to parole.

> Assuming for the sake of argument that an applicant does have an adequate remedy on habeas, whether Texas Government Code § 508.1411 implicates due process and the written notice provided by the Board satisfies due process.

> Whether an application for a writ of mandamus is the proper remedy for such claims.

We hold that a writ of habeas corpus is the proper remedy by which to compel the Board of Pardons and Paroles (the "Board") to provide a parole-denial letter in compliance with Texas Government Code § 508.1411 and that § 508.1411 does not create a liberty interest protected by due process. After considering the statutes, the pleadings of the parties, and the most recent notice of denial of parole sent to applicant by the Board, we deny relief.

**Facts**

While on parole for a 40-year sentence that began in July 1987, applicant was convicted of the felony offense of violation of a protective order and, on October 15, 2010, was sentenced to eight years' imprisonment. From May 2011 through May 2015, applicant applied for parole. Each time, the Board denied release. Applicant was provided written notice each time he was denied parole. The notice of parole-panel-decision letters for each of the last five years are essentially identical.

> You have been denied parole for the reason(s) listed below:
> One or more components indicated in each paragraph listed below may apply, but only one is required.

1D     The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

2D     The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.

5D     The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration,

including parole-in-absentia revocations.

Applicant asserts that the language used by the Board in its letter denies him due process and due course of law by providing numerous reasons for denial, separated in the parole-denial letter by the conjunction "or." Applicant contends that, as written, the letter does not conform to the mandates of Texas Government Code § 508.1411, which requires the Board to list the reasons for denial of parole "in clear and understandable language" that "explains . . . the decision" and "the reasons for the decision only to the extent those reasons relate specifically to the inmate." § 508.1411(a)(1)(A-B).

**Analysis**

Texas Government Code § 508.1411 states:

(a) For each decision of a parole panel granting or denying the release of an inmate on parole, or denying the release of an inmate on mandatory supervision, the parole panel shall:
    (1) produce a written statement, in clear and understandable language, that explains:
        (A) the decision; and
        (B) the reasons for the decision only to the extent those reasons relate specifically to the inmate;
    (2) provide a copy of the statement to the inmate; and
    (3) place a copy of the statement in the inmate's file.
(b) In a written statement produced under Subsection (a), the parole panel may withhold information that:
    (1) is confidential and not subject to public disclosure under Chapter 552; or
    (2) the parole panel considers to possibly jeopardize the health or safety of any individual.
(c) The board shall keep a copy of each statement produced under Subsection (a) in a central location.

As the state notes, nothing in § 508.1411 creates a reasonable expectation in applicant's release to parole. However, the issue raised here is not release to parole, but the sufficiency of the

notice of the reasons for denial of parole.

Here, applicant sought to invoke the remedy set out in 37 Texas Administrative Code § 145.17. Action upon Special Review–Release Denied. This statute sets out the requirements and circumstances pursuant to which the Board may be asked to reconsider denial of release: the request must be in writing and filed with the Board in Austin, and the request will be considered only if the inmate offers information not previously available to the three-member review panel of the Board, a board member who voted to deny wants to reconsider, or the two members who voted to deny have both left the Board. "Information not previously available to the Board" includes "an allegation that the parole panel has committed an error of law or board rule."[1] 37 Tex. Admin. Code § 145.17(g)(3). That claim seems to be the one asserted by applicant.[2]

The briefs of both respondent and the amicus curiae assert that, by requesting the Board to review its decision, applicant is challenging the decision of the Board, which makes applicant's claim a request for a discretionary decision. This is a mischaracterization of applicant's claim. The reasons for denying or approving parole are within the unfettered discretion of the Board, and applicant has not claimed otherwise. But applicant has a statutory right to be informed of the specific reasons that formed the basis for the denial of his parole. The Board is required by § 508.1411 to give applicant notice of its decision, as well as the reasons why applicant was denied parole in clear, understandable language that contains only the specific reasons why applicant, in

---

[1] Oddly, "[i]f the denial decision was based upon erroneous information or an administrative file processing error, this rule does not apply." 37 Tex. Admin. Code § 145.17(a).

[2] After he had been denied parole in 2014, applicant explicitly asserted that ground in his application for a writ of habeas corpus.

5

particular, was denied parole and not other reasons that do not apply to applicant.[3]

Applicant asked for clarification of the denial letter and received a response from the Board that included a general denial of applicant's claims as well as a specific denial that asserts that, because the Board's decision whether to release applicant to parole is discretionary, the Board is required only to provide notice of the denial.[4] The plain language of § 508.1411 is contrary to that position. We also find that § 145.17 does not provide to applicant an adequate remedy at law unless the Board interpreted its own failure to comply with § 508.1411 to be an "error of law," and its answer to applicant indicated that it had not done so. Boiler-plate recitation of Board guidelines is insufficient.

We take judicial notice of the website of the Board, which contains the Board's current notice to applicant of denial of parole.[5] That notice is dated March 17, 2016, and is more specific than the previous notices provided to applicant.

> 1D Criminal history - The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release.

---

[3] The Board may refuse to state its reasons for denying parole if it can properly invoke § 508.1411(b):
(b) In a written statement produced under Subsection (a), the parole panel may withhold information that:
    (1) is confidential and not subject to public disclosure under Chapter 552; or
    (2) the parole panel considers to possibly jeopardize the health or safety of any individual.
(c) The board shall keep a copy of each statement produced under Subsection (a) in a central location.

[4] A letter over the signature of the then-Presiding Officer, Rissie Owens, dated July 3, 2014, cited, as a basis for the Board's position, Texas Government Code Section 508.144(b), which does not apply to the instant application. The letter went on to assert that, "prior to SB 909, the [Board] understood the need to provide [notice]" and, since 1989 it has been the Board's policy to notify an inmate of the reasons for the denial. "As it relates specifically to denials, each and every offender regardless of the parole guidelines implications receives a written reason for the parole panel's or board's decision to deny parole." (Emphasis in original.) The notice provided under that policy contains only the boiler-plate language of the Board's guidelines.

[5] The record does not contain the letter that the Board sent to applicant, but based on the notice posted on its website, it seems likely that applicant received the same notice that is posted on the website.

2D Nature of offense - The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.

5D Adjustment during periods of supervision - The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.

## Conclusion

The record shows that the Board has revised its denial letter to conform to the changes made to the statute by the legislature, which required the Board to state the reasons why the individual inmate was denied parole.

Applicant has received that remedy he sought. Relief is therefore denied.


Delivered: November 2, 2016
Publish